LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

NICOLE S. MCKAY, ISB No. 4593
DIVISION CHIEF
HEALTH & HUMAN SERVICES DIVISION

DOUGLAS E. FLEENOR
Deputy Attorney General
3272 Elder Street, Ste. B
P.O. Box 83720
Boise, Idaho 83720-0009
Telephone: (208) 332-7986
Facsimile: (208) 334-6515
ISB No. 7989
Electronic Service: angel.obrien@dhw.idaho.gov

FILED

2017 JUN 22 AM 10: 12

PATTY O. WEEKS
CLERK OF THE DISTRICT COURT
_____ DEPUTY

## IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) ) | Case No. **CV17 01230** |
| Plaintiff, ) ) | **COMPLAINT TO SET ASIDE TRANSFER OF ASSETS** |
| vs. ) ) | EXEMPT: I.C. § 31-3212 |
| PRAVEEN KHURANA and JOHN W. PERRY, ) ) | |
| Defendants. ) ) | |

COMES NOW the State of Idaho, Department of Health and Welfare (hereinafter the "Department"), by and through its attorney, Douglas E. Fleenor, Deputy Attorney General, and complains against PRAVEEN KHURANA and JOHN W. PERRY, as follows:

Case Assigned to:
**JEFF M. BRUDIE**

COMPLAINT TO SET ASIDE
TRANSFER OF ASSETS - 1

I.

## PARTIES

1. The Plaintiff, State of Idaho, Department of Health and Welfare ("Department"), is a Department of the State of Idaho and is the agency empowered and authorized to administer the medical assistance program (also called Medicaid) in this state.

2. Defendants PRAVEEN KHURANA and JOHN W. PERRY, are residents of Lewiston, Idaho.

3. Defendant PRAVEEN KHURANA is the named grantee under a Quitclaim Deed with DELORES M. ADAMSON, grantor, hereinafter described.

4. Defendant JOHN W PERRY, is the named grantee under a Quitclaim Deed with PRAVEEN KHURANA, grantor, hereinafter described.

5. Venue is properly placed in this county pursuant to Idaho Code §§ 5-401 and 5-404.

II.

## GENERAL ALLEGATIONS

6. Delores M. Adamson ("Delores") was born May 14, 1938, and died October 6, 2016, at the age of 78.

7. On August 1, 2007, Delores applied for medical assistance (Medicaid) benefits.

8. The Department provided Medicaid benefits beginning August 1, 2007, on behalf of Delores, in the sum of $239,781.80.

9. Delores was fifty-five years of age or older when she began receiving Medicaid assistance.

10. On or about December 30, 1993, Delores as Delores Snyder, a married woman, as her sole and separate property, acquired a one-half interest in real property located in Nez Perce County, hereinafter the "subject real property." A true and correct copy of said Deed is attached as Exhibit "A", and is incorporated herein by reference.

11. On or about January 3, 1994, Delores, as Delores Snyder, a married woman, as her sole and separate property, acquired the other one-half interest in the subject real property. A true and correct copy of said Deed is attached as Exhibit "B", and is incorporated herein by reference.

12. From 2002 to 2004, the subject real property was transferred to Delores and her husband as joint owners, then back to Delores, which resulted in Delores solely owning the property. These transfers are not at issue in this case.

13. On November 27, 2006, Delores executed a Quitclaim Deed conveying one-half of the subject real property to PRAVEEN KHURANA. A true and correct copy of said Deed is attached as Exhibit "C", and is incorporated herein by reference.

14. On May 9, 2012, PRAVEEN KHURANA executed a Warranty Deed conveying the subject real property to Delores. This Warranty Deed was recorded in Nez Perce County on May 9, 2012. A true and correct copy of said Warranty Deed is attached as Exhibit "D", and by reference is fully incorporated herein.

15. On August 13, 2012, Delores executed a Quitclaim Deed conveying the subject real property to herself and PRAVEEN KHURANA jointly. This Quitclaim Deed was recorded in Nez Perce County on August 13, 2012. A true and correct copy of said Quitclaim Deed is attached as Exhibit "E", and by reference is fully incorporated herein

16. On May 9, 2012, Delores executed a Quitclaim Deed conveying the subject real property to PRAVEEN KHURANA. This Quitclaim Deed was recorded in Nez Perce County on July 31, 2013. A true and correct copy of said Quitclaim Deed is attached as Exhibit "F", and by reference is fully incorporated herein.

17. Upon information and belief, Delores did not receive adequate consideration for any of the above transfers of the subject real property to PRAVEEN KHURANA.

18. On April 28, 2016, PRAVEEN KHURANA executed a Corrected Quitclaim Deed conveying the subject real property to JOHN WILLIAM PERRY for the sum of One Dollar ($1,00). A true and correct copy of said Corrected Quitclaim Deed is attached as Exhibit "G", and by reference is fully incorporated herein.

19. The Department is authorized and required to recover medical assistance benefits paid on behalf of recipients who are 55 years of age and older, from their estates.

20. As provided in Idaho Code § 56-218, the Department has a priority creditor's claim against any assets and estate of Dolores M. Adamson in the amount of at least $239,781.80.

### III.

### CAUSE OF ACTION – SET ASIDE

21. The Department realleges Paragraphs 1 through 20, as if fully set forth herein.

22. Transfers made by Medicaid recipients or their spouses within the lookback period defined in 42 U.S.C. 1396p, without adequate consideration, are voidable pursuant to Idaho Code § 56-218(2).

23. The transfer of the real property described in paragraphs 13, 15 and 16, are transfers within the lookback period, were made without adequate consideration, and should be set aside and declared void pursuant to Idaho Code § 56-218(2).

**WHEREFORE**, the Department prays for relief against Defendants PRAVEEN KHURANA and JOHN W. PERRY, as follows:

1. That the Quitclaim Deed, Exhibit "C" herein, be set aside and declared void pursuant to Idaho Code § 56-218(2);

2. Alternatively, that the Quitclaim Deed, Exhibit "E" herein, be set aside and declared void pursuant to Idaho Code § 56-218(2);

3. Alternatively, that the Quitclaim Deed, Exhibit "F" herein, be set aside and declared void pursuant to Idaho Code § 56-218(2);

4. For the sum of $1,500 as costs and reasonable attorney fees in the event judgment is entered in this matter by default, or for such other further and greater sum as the Court may deem reasonable in the event this matter is contested;

5. For such other and further relief as may be appropriate in this matter.

DATED this 16th day of June, 2017.

_____
DOUGLAS E. FLEENOR
Deputy Attorney General

## VERIFICATION

STATE OF IDAHO )
) ss.
County of Ada )

SHEILA PUGATCH, being first duly sworn, deposes and states: That I am the Bureau Chief of the Bureau of Financial Operations, Division of Medicaid, State of Idaho, Department of Health and Welfare; that I have read the foregoing and know the contents thereof; and that to my knowledge and belief, the facts stated therein are true and correct.

_____
SHEILA PUGATCH, Bureau Chief
Bureau of Financial Operations
Division of Medicaid, State of Idaho
Department of Health & Welfare

SUBSCRIBED AND SWORN to before me this 16th day of June, 2017.

_____
ANGEL L. O'BRIEN, Paralegal
Notary Public for Idaho
Commission Expires: 3-9-2022

COMPLAINT TO SET ASIDE
TRANSFER OF ASSETS - 6