UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, <br><br> Plaintiff. <br><br> v. <br><br> PRAVEEN K. KHURANA and JOHN W. PERRY, <br><br> Defendants. | Case No. 3:18-cv-00121-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

On March 13, 2018, Defendant Praveen Khurana removed this action from state court invoking this Court's jurisdiction. Dkt. 2. Khurana also filed an Application for Leave to Proceed in Forma Pauperis. Dkt. 1.

The Court undertakes a sua sponte examination of whether it has subject matter jurisdiction over this case. Khurana does not cite any provisions of the United States Code that would allow him to remove this action, but simply states that the original question is federal because it deals with bankruptcy.[1] Upon review, it appears that there are no applicable code sections and that this Court lacks jurisdiction. Therefore, the Court

---

[1] Khurana claims that the instant case is somehow connected to his recently re-opened bankruptcy case; however, it does not appear that the two cases are related.

will REMAND the case to state court for further proceedings. Khurana's Motion to proceed in Forma Pauperis is DENIED AS MOOT.

## II. BACKGROUND

Pro Se Defendant Praveen Khurana removed this action from the District Court of the Second Judicial District of the State of Idaho, in and for the County of Nez Pearce, on March 13, 2018. In its Complaint, the State of Idaho, Department of Health and Welfare ("the Department"), seeks to set aside the transfer of certain assets.

The Department alleges that an individual named Delores Adamson (now deceased) fraudulently transferred real property without adequate consideration to Defendants in order to receive Medicaid benefits and that Adamson made these transfers within the "lookback" period and are thus void. The Department seeks to have the various deeds to these properties set aside and declared null and void under Idaho Law.

## III. LEGAL STANDARD

The Court may sua sponte review removed actions to confirm that federal jurisdiction is proper. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, sua sponte, at any time"); *Galvez v. Kuhn*, 933 F.3d 773, 775 n.4 (9th Cir. 1991) (holding that the Court can raise defects in jurisdiction sua sponte, whether the parties raise the issue or not). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v.*

*Matrix Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

### A. Diversity Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over an action if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship of the parties is completely diverse if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

A state is not a citizen for diversity purposes and, absent a federal question, the district courts are not possessed of jurisdiction of suits by or against a state. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482 (1894); *see also Broadwater-Mo. Water Users' Ass'n v. Mont. Power Co*, 139 F.2d 998, 999 (9th Cir. 1944); Judicial Code Sec. 24, *as amended*, 28 U.S.C.A. § 41(1). "At the same time, however, [the U.S. Supreme Court] has recognized that a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. Alameda Cty.,* 411 U.S. 693, 717 (1973). If confusion still exists, the Court must determine who the real party in interest is. Fed. R. Civ. P. 17(a).

Based on the Complaint, Plaintiff is the State of Idaho—or a Department of the State of Idaho—and Defendants are both citizens of Idaho residing in Lewiston, Idaho.

First, if the Court views the State of Idaho as the true Plaintiff in this case, the state has no citizenship and the Court does not have jurisdiction to hear this case absent a federal question.

Second, although the Court could undertake a lengthy analysis to determine if the Department is a citizen or the real party in interest, the outcome of that determination does not matter because, either way, there is no diversity. If the Court determined the Department *is* a citizen, then all parties are Idaho residents and diversity is destroyed. If, on the other hand, the Court determined that the Department *is not* a citizen or not the real party in interest, the State of Idaho would be the default Plaintiff, no citizenship would be present, and the Court would move to the federal question analysis anyway.

Accordingly, Khurana is not entitled to remove this case based upon diversity jurisdiction. The Court next turns to whether a federal question exists that would allow Khurana to remove the action.

**B. Federal Question**

Federal courts also have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. To remove a case arising under federal law, the case, as set forth in the initial pleading must be removable. 28 U.S.C. § 1446(b). A counterclaim cannot form the basis of federal question jurisdiction. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985)

("The federal question defendants raise in their counterclaims does not provide a basis for removal.").

Thus, although Khurana asserts that he has filed counterclaims alleging various civil rights violations in state court, his counterclaims cannot serve as the basis for invoking federal jurisdiction upon removal.

The Complaint here seeks to set aside the fraudulent transfer of real property under Idaho law. The Department has not alleged that Khurana violated any federal statute.[2] Therefore, the action does not "arise under" federal law and Khurana is not entitled to remove the action to federal court based upon a federal question.

Removal appears to be nothing more than a delaying tactic by Khurana to avoid state court proceedings. The Court does not have jurisdiction over this case and removal was wholly improper.

## IV. ORDER

1. For the reasons outlined above, removal of this action was not proper. This Court does not have subject matter jurisdiction. This case is, therefore, REMANDED to the District Court of the Second Judicial District of the State of Idaho, in and for the County of Nez Pearce, for further proceedings.

---

[2] The Department does allege that the grantor of the property (Delores Adamson) violated the lookback period under federal Medicaid law, but the Department seeks to set aside the transfer of the properties under Idaho law.

2. Khurana's application for leave to file *in forma pauperis* (Dkt. 1) is DENIED as moot.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: April 4, 2018

_____
David C. Nye
U.S. District Court Judge